# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RONETT JACOBS,<br><br>                Plaintiff,<br><br>v.<br><br>WAUWATOSA SCHOOL DISTRICT,<br><br>                Defendant. | Case No. 19-CV-346-JPS<br><br>**ORDER** |

        On March 7, 2019, this race- and gender-based employment discrimination case, filed pursuant to 42 U.S.C. §§ 2000d, 2000e, 1981 and 29 U.S.C. § 206, was removed from Milwaukee County Circuit Court and assigned to this branch. (Docket #1). On March 27, 2019, Defendant filed a motion to dismiss. (Docket #11). In response, Plaintiff filed a motion for leave to file an amended complaint, which contains various allegations geared towards rectifying the purported deficiencies in the original complaint. (Docket #13-1).

        Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts favor granting leave to amend, but they act within their discretion to deny such leave when there is a substantial reason to do so. *Select Creations, Inc. v. Paliafito Am., Inc.*, 830 F. Supp. 1213, 1216 (E.D. Wis. 1993). This includes undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002). An amendment is futile when "the proposed

amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." *Crestview Vill. Apartments v. U.S. Dep't of Housing & Urb. Dev.*, 383 F.3d 552, 558 (7th Cir. 2004). The Court of Appeals has stressed that Rule 15(a)(2) announces a "liberal amendment policy." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 521 (7th Cir. 2015).

In the reply brief in support of their motion to dismiss, Defendant argues that the amendment is futile because the minor additions do not add allegations that, if true, state a claim. (Docket #16). However, it seems that the proposed amendments cure many of the deficiencies in the original pleading. In other words, the Court cannot say that the complaint would not survive a second motion to dismiss. For example, under 42 U.S.C. § 2000e-2(a)(2), it is unlawful to "limit, segregate, or classify" any employee based on his or her race such that it deprives him or her of an employment opportunity. Plaintiff alleges that she was initially hired for a leadership position as a math coach, but her leadership role was limited because of her race. (Docket #13-1 ¶¶ 8–10, 15–18). The amended complaint adds that these various limitations amounted to a constructive discharge that "caus[ed] Plaintiff to leave the school district." *Id.* ¶ 22. If these facts are true, this would be a violation of 42 U.S.C. § 2000e-2(a)(2).

The amended complaint further alleges that Plaintiff's contracts reflect that she is employed on less favorable terms than other employees. (Docket #13-1 ¶ 16). In light of this, she now claims that similarly situated male coworkers make more money and have more benefits than her. *Id.* ¶ 26. If true, these allegations bolster her claims premised on equal protection, race, and sex discrimination.

Finally, Plaintiff adds Phil Ertl ("Ertl") as a defendant from whom punitive damages could be collected. Although Defendant argues that Ertl

cannot be held individually liable under Title VII, he could conceivably be liable for punitive damages under the newly alleged Section 1983 claim predicated on the alleged Equal Protection Clause violation, which Defendant has not moved to dismiss. Therefore, the Court cannot say, at this time, that the amendment is futile.

In light of the foregoing, the Court will grant Plaintiff's motion. (Docket #13). As a result, Defendant's motion to dismiss, (Docket #11), will be denied as moot, and they are instructed to file another motion to dismiss if they believe that the new complaint remains legally deficient. *See Maffiola v. State Farm Ins. Cos.*, No. 09-CV-287, 2009 WL 2983059, at *2 (W.D. Wis. Sept. 14, 2009) (Granting a plaintiff's motion for leave to amend "moot[s] defendant's motion to dismiss and require[s] defendant to file a new motion if it believe[s] the new complaint remain[s] legally deficient.").

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Docket #11) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an amended complaint (Docket #13) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the amended complaint (Docket #13-1) be and the same is hereby the operative complaint in this action.

Dated at Milwaukee, Wisconsin, this 22nd day of May, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge